The Ch ef Justice
delivered the opinion.
This appeal is prosecuted by the defendants, in the circuit court, from a judgment rendered against them in fa**vor of the lessor of the plaintiff, in an action of ejectment.
The only question which the record presents, is, vvhe1 ther a deed, under which the lessor of the plaintiff claimed title, being executed to him by the sheriff after the death of the proprietor of the land, in pursuance of a sale made in his life time, for taxes due thereon, is void or not.
The circuit court instructed the jury, that the deed was not void, and we have no doubt the instruction was correct. \yjier'e a conveyance is required to be made in the name ... . . , * . . . , , . , , an« by the authority ot the proprietor oi the land, it would be clearly void unless it were executed in his life time; but ’n case the conveyance was made, not in the name of fbe proprietor aor under any authority decreed from him, but in the name of the sheriff and in virtue of the authority with which he was invested by law. And in such a case tve can perceive no principle upon which the death of the proprietor, between the time of the sale and the execution of the deed, could affect its validity.
It is true that the title must, after the death of the proPr*etor’ have descended upon his heirs and remained with ibera until the conveyance was executed, but this could not prevent the operation of the deed transferring the title to the lessor of the plaintiff, for, by the revenue laws of this state, the commonwealth had a perpetual lien upon the lands for the taxes which accrued in the life time of the proprietor, and of course that lien would foliow the land into, whose hands so ever it might thereafter come.
The judgment must be affirmed with cost.